07-4735-pr
Chavis v. Ferris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:   RALPH K. WINTER,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges.*

------------------------------------------------------------------

GEORGE M. CHAVIS,

                    *Plaintiff-Appellant,*

       v.                                    No. 07-4735-pr

THOMAS FERRIS, JAMES WAITE, RICHARD DONAHUE, PAUL TITUS,

                    *Defendants-Appellees.*[*]

------------------------------------------------------------------

FOR APPELLANT:          George M. Chavis, *pro se*, Elmira, New York.

FOR APPELLEES:          Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor

---

[*] The Clerk of the Court is directed to amend the official caption to read as shown above.

General; Andrea Oser, Deputy Solicitor General; Andrew B. Ayers, Assistant Solicitor General, Albany, New York.

Appeal from the United States District Court for the Western District of New York (Jeremiah J. McCarthy, *Magistrate Judge*[2]).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's September 28, 2007 judgment is AFFIRMED.

New York State prisoner George M. Chavis appeals pro se from a decision of the district court granting defendants summary judgment on Chavis's § 1983 claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment, First Amendment retaliation, and violation of his due process rights. We review a district court's ruling on summary judgment de novo, see Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007), and we will affirm only if the record evidence, construed in the light most favorable to Chavis, shows no genuine issue of material fact and defendants' entitlement to judgment as a matter of law, see Fed. R. Civ. P. 56(c); White River Amusement Pub, Inc. v. Town of Hartford, 481 F.3d 163, 167 (2d Cir. 2007). In applying this standard, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Deliberate Indifference

To establish deliberate indifference to his serious medical needs, Chavis was required

---

[2] The parties consented to have this case heard by a magistrate judge pursuant to 28 U.S.C. § 636(c).

to adduce evidence of (1) a medical need constituting "a condition of urgency" that might result in "death, degeneration, or extreme pain," and (2) defendant's knowledge and disregard of "an excessive risk to [Chavis's] health or safety." Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation marks omitted). Assuming arguendo that Chavis's toe surgeries satisfy the former requirement, he failed to present evidence permitting a finding in his favor on the latter. It is undisputed that defendant Ferris is not a medical professional, and no other evidence indicates his personal knowledge of Chavis's medical needs. To the contrary, Ferris's only knowledge was that – according to medical staff – Chavis did not need the special footwear he demanded. As Chavis cites no evidence to the contrary, his challenge to the award of summary judgment on his Eighth Amendment claim is without merit.

2.    First Amendment Retaliation

To establish a prima facie case of First Amendment retaliation, Chavis must demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against [him], and (3) that there was a causal connection between the protected speech and the adverse action." Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (internal quotation marks omitted). Chavis submits that the district court erred in concluding that his claims failed at the first step of this analysis because the record shows that defendants' challenged actions followed his references to his right to seek judicial relief. In fact, the record clearly demonstrates Chavis's violation of a number of prison rules that independently supported initiating the challenged disciplinary proceedings. See id. at 287-

3

88.  For that reason, the district court appropriately awarded defendants summary judgment on the First Amendment retaliation claims.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

### 3.    Due Process

Chavis's contention that the district court erred in failing to address his claim that defendant Donahue violated his due process rights is without merit.  Chavis's complaint alleged that defendant Waite violated his due process rights, but attributed no such wrongdoing to Donahue.  As Chavis never sought leave to amend the complaint, the district court's refusal to consider his due process claim against Donahue, raised for the first time on summary judgment, was not an abuse of discretion.  See Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006) ("[A] district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so.").

Any argument that the district court erred in granting Waite summary judgment on the due process claim that was stated in Chavis's complaint is similarly meritless.  Although Chavis argues that he was entitled to separate resolution of two administrative appeals challenging disciplinary decisions, state statutes and regulations governing prison discipline create cognizable liberty interests only in narrow circumstances.  See Acre v. Walker, 139 F.3d 329, 334 (2d Cir. 1998) ("[T]he inmate must establish that his confinement or restraint (1) creates an atypical and significant hardship . . . in relation to the ordinary incidents of prison life, and (2) that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." (internal

4

quotation marks and citations omitted)).  Even assuming that Chavis's 60 days of "keeplock" time would satisfy the first prong of this test, see Hanrahan v. Doling, 331 F.3d 93, 97 (2d Cir. 2003) (noting that "[t]he length of disciplinary confinement is one of the guiding factors" in the hardship determination), Chavis does not show how the resolution of his two appeals by a single written decision violated any rule governing prison disciplinary proceedings, or otherwise suggest how such resolution rendered the process he was afforded insufficient.  On this record, the district court properly granted summary judgment in favor of Waite.

4.      Motion for Default Judgment

As defendants timely filed and served their brief and appendix, Chavis's pending motion for default judgment is DENIED.

5.      Conclusion

We have considered Chavis's remaining arguments and conclude that they are without merit.  Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

5